|1WHIPPLE, Judge,
concurring.
While I agree with the result reached by the writer for the majority herein, I respectfully disagree with the author’s characterization of the testimony and evidence in the record of this case. In particular, I disagree with the statements and conclusions in the majority opinion that: (1) Mr. Howard’s testimony provides “only his recommendations for improving the display tables, not the existence of any required industry standards which were breached by A & P;” (2) that the height of the table did not cause or contribute to the accident; and (3) that Mr. Bernard failed to prove that “there was any standard applicable to table legs being recessed or going straight down to the floor.”
I believe there is a reasonable basis in the record from which the jury could properly conclude from the lay and expert testimony that the height, location, and design of the table (i.e., its lightweight construction and lack of resistance to foreseeable encounters by momentarily distracted store patrons, combined with the design of the table’s legs) presented “a condition that created an unreasonable risk of harm to persons on the premises” and was a cause-in-fact of the accident and resulting injuries. Politz v. Recreation and Park Commission for Parish of East Baton Rouge, 619 So.2d 1089, 1093-1094 (La.App. 1st Cir.), writ denied, 627 So.2d 653 (La.1993).
More importantly, and since this case is designated for publication, I strongly disagree with the author’s characterization of the record and evidence presented in Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La. 1993), and the statement by the writer for the majority herein that “Stobart stands for the proposition that any expert opinion in the record, however unfounded by the factual evidence, is a permissible view of the evidence if believed' by the trial court.” In my view, |2in Stobart, the Louisiana Supreme Court reaffirmed and properly applied longstanding and basic principles of appellate review.
Accordingly, I respectfully concur.